## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL KODI McDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )     Case No. |
| | ) |
| WERNER ENTERPRISES, INC., and | ) |
| KIRK N. SIMMS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **COMPLAINT**

COMES NOW the Plaintiff, Michael Kodi McDaniel, by and through his attorneys, Donald S. Andersen and Mark A. Scott of the Riedmiller, Andersen & Scott, LLC in Wichita, Kansas, and for his claims against the defendants alleges and states:

1.    Plaintiff Michael Kodi McDaniel is a citizen of the State of Kansas, who resides in Salina, Kansas.

2.    Defendant Werner Enterprises, Inc. is a foreign for-profit corporation duly organized and existing under the laws of the state of Nebraska, with its principal place of business located in Omaha, Nebraska.  Defendant Werner Enterprises, Inc., may be served with process by serving its registered agent, National Registered Agents, Inc. of Kansas, 112 Southwest 7th Street, Suite 3C, Topeka, Kansas 66603.

3.    Defendant Kirk N. Simms is a citizen of the state of New Jersey, with residence at 25 Woodlake Manor Drive, Unit 1000, New Jersey 08701.  Defendant Kirk N. Simms may be served with process by serving him at his residence.

4.      Subject matter jurisdiction of this Court is based on the diversity of citizenship under 28 U.S.C. § 1332(a) and (c), in that the parties are citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

5.      This Court has personal jurisdiction over the defendants Kirk N. Simms and Werner Enterprises, Inc. because (a) the defendants committed a tortious act in the state of Kansas, as described below, and (b) they were transacting business in this state through the operation of a semi tractor-trailer in interstate commerce.

6.      At the time of the subject motor vehicle collision, plaintiff Michael Kodi McDaniel was an employee of the Kansas Department of Transportation [KDOT], operating a 2009 KDOT dump truck, Vehicle Identification Number 2FZHATBS79AAK1905, in the course and scope of his employment with KDOT.

7.      Plaintiff Michael Kodi McDaniel brings this action for himself, for his employer Kansas Department of Transportation, and for his employer's workers compensation insurer pursuant to K.S.A. 44-504, for their benefit as their interest may appear.

8.      At the time of the subject motor vehicle collision, defendant Kirk N. Simms was the driver of a blue 2017 Freightliner tractor and semi-trailer, Vehicle Identification Number 3AKJGLDR9HSHR4663, which was owned by defendant Werner Enterprises, Inc.

9.      At the time of the subject motor vehicle collision, defendant Kirk N. Simms was an employee of the defendant Werner Enterprises, Inc., operating the semi tractor-trailer described above while in the course and scope of his employment with defendant Werner Enterprises, Inc.

10.      The negligent conduct of defendant Kirk N. Simms, which caused or contributed to the subject motor vehicle collision, as described below, occurred within the scope and course of his employment with the defendant Werner Enterprises, Inc. and is, thus, the negligence of the

defendant Werner Enterprises, Inc. under the legal doctrine of vicarious liability.

11.     On or about March 8, 2017, shortly before 4:00 p.m., plaintiff Michael Kodi McDaniel was operating a 2009 KDOT dump truck near milepost 91 of Interstate 135 in Saline County, Kansas.  At the time, the KDOT dump truck was parked on the west side of the southbound lanes on Interstate 135, partially on the right shoulder and partially on the grass, with the top and rear strobe lights of the truck flashing.

12.     At the same time, defendant Werner Enterprises, Inc.'s semi tractor-trailer was being operated by defendant Kirk N. Simms in an erratic and dangerous manner travelling northbound in the left lane of Interstate 135.

13.     At about this time, an eyewitness to the erratic and dangerous driving of defendant Simms contacted 911 dispatch in Saline County to report her concerns.  The eyewitness described how the Werner truckdriver had almost run her off the road, and that he was a danger to others on the highway.

14.     While the eyewitness was describing her observation of what was happening, the Werner truck veered sharply to the left, went across the median of the divided interstate highway, and crashed into the driver's side of an automobile, killing its two occupants.

15.     After crashing into the automobile, the large Werner semi-tractor-tractor continued on its path, heading towards the KDOT dump truck in which plaintiff Michael Kodi McDaniel was seated.  Realizing the semi was heading directly towards him, the plaintiff attempted to take evasive action, but the Werner semi collided into the KDOT dump truck, causing the dump truck to spin around and tumble side over side to the point where it came to a rest about halfway down the hill on the west side of the southbound lanes of Interstate 135.

16.     The negligent, careless, and reckless and wanton conduct of the defendants Kirk N. Simms and Werner Enterprises, Inc. is the direct cause of the motor vehicle collisions

described above.

17.     In particular, plaintiff alleges the defendants were negligent, careless, reckless in

the following respects:

   a.     Operating the semi tractor-trailer in an erratic and dangerous manner;
   b.     Operating the semi without proper training and supervision;
   c.     Failing to maintain proper control of the semi tractor-trailer; and
   d.     Failing to keep a proper lookout for other vehicles in the operator's line of
          vision that may affect his use of the highway.

18.     Plaintiff alleges that the defendant Werner Enterprises, Inc. failed to properly train

and supervise the defendant Kirk N. Simms. At the time of the collision, defendant Simms was

an inexperienced, trainee driver, on the job with Werner for only about a week.  At the time of

the collision, defendant Werner actually had a trainer in the semi with defendant Simms, but at

the time of the subject collision, the trainer was in the sleeper berth of the tractor instead of in the

passenger seat of the tractor, actively training defendant Simms as he should have been.  The

failure on the part of the trainer, who was an employee of defendant Werner, to properly

supervise defendant Simms in the operation of the Werner semi tractor-trailer was negligent,

careless and wanton behavior on the part of defendant Werner.

19.     As a direct and proximate result of the defendants' negligent, careless, and

reckless conduct in causing the motor vehicle collision, as described above, plaintiff  Michael

Kodi McDaniel received severe and permanent injuries.

20.     As a further direct and proximate result of the defendants' negligent and careless

conduct in causing the motor vehicle collision, as described above, plaintiff Michael Kodi

McDaniel has suffered damages, including:  past and future medical and other health care related

expenses; past and future economic losses; and past and future non-economic losses.

21.     Additionally, plaintiff brings a claim for punitive damages against the defendant

Kirk N. Simms for his reckless and wanton operation of the Werner semi tractor-trailer, as

described above.

22.    Plaintiff also brings a claim for punitive damages against defendant Werner Enterprises, Inc., not only for its ratification of defendant Simms reckless conduct, through its trainer, and otherwise, but also for the grossly inadequate training and supervision of defendant Simms in the operation of its semi tractor-trailer.

23.    Plaintiff also brings this action on behalf of his wife, Chelsey McDaniel, under K.S.A. 23-2605 for her loss of marital services due to the injuries her husband sustained as a consequence of the liability and fault of defendants, as described and set forth herein.

WHEREFORE, plaintiff Michael Kodi McDaniel prays for a judgment against the defendants Kirk N. Simms and Werner Enterprises, Inc. for compensatory damages in excess of $75,000.00, and for punitive damages in excess of $75,000.00, and for his costs, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

s/ Donald S. Andersen
Donald S. Andersen, #12552
Mark A. Scott, #16045
RIEDMILLER, ANDERSEN & SCOTT, LLC
The Buttermilk Lion Building
532 North Market
Wichita, Kansas 67214
Tel:  (316) 263-0001
Fax:  (316) 263-3853
E:  don@ras.law; mark@ras.law
*Attorneys for Plaintiff Michael Kodi McDaniel*

## DEMAND FOR JURY TRIAL and
## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff, Michael Kodi McDaniel, by and through his counsel, and requests a trial by jury of his peers in the federal courthouse in Wichita, Kansas on all matters in controversy in the above captioned matter.

s/Donald S. Andersen
Donald S. Andersen, #12552
Mark A. Scott, #16045
RIEDMILLER, ANDERSEN & SCOTT, LLC
The Buttermilk Lion Building
532 North Market
Wichita, Kansas 67214
Tel:  (316) 263-0001
Fax:  (316) 263-3853
E:  don@ras.law; mark@ras.law
*Attorneys for Plaintiff Michael Kodi McDaniel*